### Jacob Feder, Defendant in Error, v. Clara Greenberg, Plaintiff in Error.

### Gen. No. 20,177. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH S. LA BUY, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed January 25, 1915.

### Statement of the Case.

Action by Jacob Feder against Clara Greenberg and B. Greenberg.

The claim was stated to be for "a balance due for labor and material furnished to defendant under a written building agreement * * * between plaintiff and defendant, a copy of which is hereto attached." The copy attached purports to be a contract between B. Greenberg and J. Feder. The balance was made up of claims for "columns furnished by plaintiff to defendant on said building," and for "hardware fur-

nished said building by the plaintiff for the defendant.''

The affidavit of plaintiff's claim is to the effect that the nature of his demand is ''for balance due for labor and material furnished to defendants by plaintiff and for labor and material as above stated.''

The Municipal Court rendered judgment by default against the defendants which was, subsequently, set aside on motion. Thereafter the action against B. Greenberg was dismissed. That against Clara Greenberg, who was not present and not represented, was heard by the court without a jury, and the issues were found against defendant and judgment was entered against her for $374.75.

To reverse this judgment, the defendant Clara Greenberg has sued out this writ of error, the errors assigned being that the finding is contrary to the law and evidence and that the court had no jurisdiction to enter judgment by default.

BENJAMIN E. COHEN, for plaintiff in error.

LEE & LEE, for defendant in error.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

### Abstract of the Decision.

1. JUDGMENT, § 101*—*when absence of defendant does not render judgment one by default.* Where a defendant is in court by appearance, the mere fact that he was not present at the trial does not render the judgment against him a judgment by default, where it was given after evidence and argument had been heard.

2. APPEAL AND ERROR, § 787*—*when bill of exceptions necessary.* A bill of exceptions must be preserved in order to enable the Appellate Court to pass upon an assignment of error that the finding of the trial court is contrary to the evidence.

3. PLEADING, § 50*—*when evidence against one defendant admissible in action against joint defendant.* The fact that the state-

ment of claim in an action against two defendants shows the claim under one construction of the statement, to be wholly and under another partially founded on a written agreement signed by one defendant only, does not render incompetent any evidence whatsoever which shows a claim against the other defendant alone.

4. MUNICIPAL COURT OF CHICAGO, § 13*—*when statement of claim in fourth-class case sufficiently exact.* Exactness and precision in the statement of claim in a fourth-class case in the Municipal Court of Chicago are not required, but the claim is sufficient if the defendant is apprised of the nature of the demand against him, and inaccuracy is not a ground for reversal where prejudice therefrom is not shown.

5. MUNICIPAL COURT OF CHICAGO, § 13*—*when variance in statement of claim in fourth-class case waived.* Variance in a statement of claim in a fourth-class case is waived by failure to object.